PER CURIAM.
| iPlaintiff, Phil Williams, was a carpenter formerly employed by Freeman Decorating. Plaintiff was involved in a scuffle with his supervisor while they were working at the New Orleans Ernest N. Morial Convention Center (“Convention Center”). As a result, Freeman Decorating terminated plaintiff, and the Convention Center, through its Director of Public Safety, Joseph Hebert, alerted staff to deny plaintiff further entry to Convention Center premises by posting plaintiffs photograph and name at various security/aecess points.
Thereafter, plaintiff filed this action against the Convention Center, alleging his character was defamed by the posting of his photograph and name at various entry and security points on the premises. In response, the Convention Center filed a motion to strike pursuant to La.Code Civ. P. art. 971.
The district court denied the motion, and the court of appeal, after a remand for briefing and argument by this court, denied the writ. This application followed.
In support of its motion, the Convention Center attached an affidavit from Mr. Hebert, who averred he posted plaintiffs photograph “in the reasonable belief that Plaintiff presented a security risk to the Convention Center and to the many people coursing through the building.” We find this affidavit is sufficient to establish the Convention Center’s decision to post the photograph was subject to a qualified | aprivilege. Once the privilege is established, it becomes incumbent on the plaintiff to come forward with rebuttal evidence establishing the privilege was abused through malice or lack of good faith. Kennedy v. Sheriff of East Baton Rouge, 05-1418 (La.7/10/06), 935 So.2d 669. Plaintiff produced no evidence indicating the Convention Center acted with malice or in bad faith. As a result, plaintiff failed to establish a probability of success on his claim for purposes of La. Code Civ. P. art. 971. Accordingly, the writ is granted. The judgment of the district court is reversed, and judgment is entered in favor of the Convention Center, dismissing plaintiffs suit with prejudice.